

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**December 23, 2022 15:50**

By: DAVID G. PHILLIPS 0046827

Confirmation Nbr. 2734003

HASSAN ALI                                                CV 22 973017

    vs.

CITY OF CLEVELAND, ET AL                    **Judge:** JENNIFER O'DONNELL

**Pages Filed:** 28

EXHIBIT

A

IN THE COURT OF COMMON PLEASE

CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| HASSAN ALI,<br>4403 St. Clair Avenue<br>Cleveland, Ohio 44013,[1] | ) <br> ) <br> ) <br> ) | |
| | ) | CASE NO. |
| Plaintiff, | ) <br> ) | JUDGE |
| vs. | ) <br> ) | |
| CITY OF CLEVELAND<br>601 Lakeside Avenue<br>Cleveland, Ohio 44114, | ) <br> ) <br> ) | **COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |
| and | ) <br> ) <br> ) | |
| GEORGE KWAN<br>c/o Cleveland Police Department<br>1300 Ontario Street<br>Cleveland, Ohio 44113, | ) <br> ) <br> ) <br> ) <br> ) | |
| and | ) <br> ) | |
| JOHN DOE NO. 1<br>c/o Cleveland Police Department<br>1300 Ontario Street<br>Cleveland, Ohio 44113, | ) <br> ) <br> ) <br> ) <br> ) | |
| and | ) <br> ) | |
| LT. GREGORY FARMER<br>c/o Cleveland Police Department<br>1300 Ontario Street<br>Cleveland, Ohio 44113, | ) <br> ) <br> ) <br> ) <br> ) | |
| and | ) | |

---

[1] Because Hassan Ali was a law enforcement officer, his residential address is not being made public, and his counsel David Glenn Phillips will accept service on his behalf for this case.

SGT. MARK PESTA                          )
c/o Cleveland Police Department          )
1300 Ontario Street                      )
Cleveland, Ohio 44113,                   )
                                         )
        and                              )
                                         )
SGT. MARTIN LENTZ                        )
c/o Cleveland Police Department          )
1300 Ontario Street                      )
Cleveland, Ohio 44113,                   )
                                         )
        and                              )
                                         )
JOHN DOE NO. 2                           )
c/o Cleveland Police Department          )
1300 Ontario Street                      )
Cleveland, Ohio 44113,                   )
                                         )
        and                              )
                                         )
CAPTAIN JOHNNY HAMM                      )
c/o Cleveland Police Department          )
1300 Ontario Street                      )
Cleveland, Ohio 44113,                   )
                                         )
        and                              )
                                         )
COMMANDER THOMAS STACHO                  )
c/o Cleveland Police Department          )
1300 Ontario Street                      )
Cleveland, Ohio 44113,                   )
                                         )
        and                              )
                                         )
SAFETY DIRECTOR KERRIE HOWARD  )
601 Lakeside Avenue, Room 230            )
Cleveland, Ohio 44114,                   )
                                         )
        and                              )
                                         )
                                         )
                                         )

2

```
SGT. IAN MUSSELL                          )
c/o Cleveland Police Department           )
1300 Ontario Street                       )
Cleveland, Ohio 44113,                    )
                                          )
        and                               )
                                          )
JOHN DOE NO. 3                            )
c/o Cleveland Police Department           )
1300 Ontario Street                       )
Cleveland, Ohio 44113,                    )
                                          )
        and                               )
                                          )
CHIEF WAYNE DRUMMOND                      )
c/o Cleveland Police Department           )
1300 Ontario Street                       )
Cleveland, Ohio 44113,                    )
                                          )
                    Defendants.           )
```

Plaintiff Hassan Ali, by and through his undersigned counsel, add for his Complaint against Defendants, states as follows:

## INTRODUCTORY STATEMENTS

1. This case involves claims by Plaintiff as a employee of the Cleveland Police Department against his employer the City of Cleveland and a number of individuals for discrimination against Plaintiff based on his religion, national origin or ancestry and retaliation under R.C. Chapter 4112 for conduct that occurred solely prior to the amendment of this State law on April 15, 2021.

2. This case also involves claims by Plaintiff as an employee of the Cleveland Police Department against his employer the City of Cleveland for discrimination against Plaintiff based on his religion, national origin or ancestry and retaliations under Title VII and R.C. Chapter 4112

3

and against number of individuals for discrimination against Plaintiff based on his religion, national origin or ancestry and retaliation under R.C. Chapter 4112 for conduct that occurred on and after September 2, 2021 through Plaintiff's constructive discharge on July 21, 2022.

3.  This case further involves claims by Plaintiff against the City of Cleveland and a number of individuals under 42 U.S.C. § 1981 and § 1982 for a discrimination based on his religion, national origin, and/or ancestry and for a violation of his rights to equal protection under the law.

4.  This case further involves a civil claim for the criminal conduct against a number of individuals for their interference with Plaintiff's civil, Constitutional, and/or statutory rights under R.C. 2307.60 and R.C. 2921.45.

### JURISDICTION, VENUE & ADMINISTRATIVE PROCEDURE

5.  This actions brings claims under State law pursuant to R.C. Chapter 4112 and R.C. 2307.60, and under Federal law pursuant to 42 U.S.C. §§ 2000e-*et seq.*, 1981 and 1983 of which this Court has concurrent jurisdiction.

6.  All acts pertinent in this Complaint arose and took place in the City of Cleveland, Cuyahoga County, Ohio.

7.  With respect to each of Plaintiff's claims that arose after April 15, 2021, prior to filing this action, Plaintiff filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") that alleged claims of discrimination and retaliation in his employment with the City of Cleveland's Police Department from September 2, 2021 through July 21, 2022.

8.  On September 29, 2022, Plaintiff received a Notice of Right to Sue from the EEOC for

4

his charges with respect to discrimination based on his religion and retaliation in EEOC Charge 532-2022-01773 that permits him to file suit in within 90 days.  Thus, Plaintiff has exhausted his administrative remedies with respect to his claims under 42 USC § 2000e *et seq.* ("Title VII") and with respect his claims under R.C. Chapter 4112 pursuant to R.C. 4112.052(B)(4).  For Plaintiff's claims that arose prior to April 15, 2021 there was no requirement that Plaintiff exhaust administrative remedies for allegations under R.C. Chapter 4112.

## PARTIES

9.  Plaintiff Hassan Ali is Middle Eastern, and he practices the Muslim religion.  Plaintiff Ali resides in Cuyahoga County, Ohio, and he is a citizen of the United States.

10.  At all times relevant, Plaintiff Ali was employed in the City of Cleveland's Police Department ("CPD"), which is located in Cuyahoga County, Ohio, until he was constructively discharged on or about July 21, 2022.  At all times relevant, Hassan Ali was an employee as defined by Title VII and R.C. Chapter 4112.

11.  Defendant City of Cleveland, Ohio is a political subdivision located in Cuyahoga County, Ohio, which operates the CPD.  Cleveland is an employer as defined by Title VII and R.C. Chapter 4112.

12.  At all times relevant, Defendant George Kwan was employed by the CPD as a patrolman and as an instructor in the CPD's Academy until he ended his employment with the CPD in or about February 2022.  In his role as an instructor in CPD's Academy, this Defendant had supervisory authority over Plaintiff, and he has liability under R.C. 4112.02(J) for his conduct to aid, abet, incite, compel or coerce discriminatory acts as alleged herein and/or under R.C. 4112.02(I) for his conduct regarding retaliation against Plaintiff as alleged herein.  At all

5

times relevant to the claims in this Complaint, this Defendant acted under color of law in his office.  This Defendant further has liability for Plaintiff's civil claim for criminal acts against him under R.C. 2307.60 as alleged herein.  This Defendant is also liable to Plaintiff for his claims asserted under 42 U.S.C. §§ 1981 and 1983.  Plaintiff sues Defendant George Kwan in his individual/personal capacity.

13.  At all times relevant, Defendants John Doe No. 1 was employed by the CPD in a supervisory capacity along with Defendant Kwan.  This Defendant had supervisory authority over Plaintiff and have liability under R.C. 4112.02(J) for his conduct to aid, abet, incite, compel or coerce discriminatory acts as alleged herein and/or under R.C. 4112.02(I) for his conduct regarding retaliation against Plaintiff as alleged herein.  At all times relevant to the claims in this Complaint, this Defendant acted under color of law in his office.  This Defendant further has liability for Plaintiff's civil claim for criminal acts against them R.C. 2307.60 as alleged herein.  This Defendant is also liable to Plaintiff for his claims asserted under 42 U.S.C. §§ 1981 and 1983.  Plaintiff sues Defendant John Doe No. 1 in his individual/personal capacity.  Defendant John Dos No. 1 is an individual whose names is currently unknown to Plaintiff, and Plaintiff sues this Defendant by the fictitious name John Doe No. 1 pursuant to Civ. R. 3(A) and 15(D).  Plaintiff will amend his Complaint to the Defendant's true name and capacity when and if it has been ascertained.

14.  At all times relevant, Defendant Gregory Farmer was employed by the CPD as a Lieutenant.  In his role as a CPD Lieutenant, this Defendant had supervisory authority over Plaintiff, and he has liability under R.C. 4112.02(J) for his conduct to aid, abet, incite, compel or coerce discriminatory acts as alleged herein and/or under R.C. 4112.02(I) for his conduct

6

regarding retaliation against Plaintiff as alleged herein. At all times relevant to the claims in this Complaint, this Defendant acted under color of law in his office, and in his role this Defendant had the authority to act and make decisions that made and/or otherwise implemented employment policies of the CPD. This Defendant further has liability for Plaintiff's civil claim for criminal acts against him under R.C. 2307.60 as alleged herein. This Defendant is also liable to Plaintiff for his claims asserted under 42 U.S.C. §§ 1981 and 1983. Plaintiff sues Defendant Lt. Gregory Farmer in his official and individual/personal capacities.

15. At all times relevant, Defendant Mark Pesta was employed by the CPD as a Sergeant. In his role as a CPD Sergeant, this Defendant had supervisory authority over Plaintiff, and he has liability under R.C. 4112.02(J) for his conduct to aid, abet, incite, compel or coerce discriminatory acts as alleged herein and/or under R.C. 4112.02(I) for his conduct regarding retaliation against Plaintiff as alleged herein. At all times relevant to the claims in this Complaint, this Defendant acted under color of law in his office. This Defendant further has liability for Plaintiff's civil claim for criminal acts against him under R.C. 2307.60 as alleged herein. This Defendant is also liable to Plaintiff for his claims asserted under 42 U.S.C. §§ 1981 and 1983. Plaintiff sues Defendant Sgt Mark Pesta in his individual/personal capacity.

16. At all times relevant, Defendant Martin Lentz was employed by the CPD as a Sergeant. In his role as a CPD Sergeant, this Defendant had supervisory authority over Plaintiff, and he has liability under R.C. 4112.02(J) for his conduct to aid, abet, incite, compel or coerce discriminatory acts as alleged herein and/or under R.C. 4112.02(I) for his conduct regarding retaliation against Plaintiff as alleged herein. At all times relevant to the claims in this Complaint, this Defendant acted under color of law in his office. This Defendant further has

7

liability for Plaintiff's civil claim for criminal acts against him under R.C. 2307.60 as alleged herein.  This Defendant is also liable to Plaintiff for his claims asserted under 42 U.S.C. §§ 1981 and 1983.  Plaintiff sues Defendant Sgt Martin Lentz in his individual/personal capacity.

17.  At all times relevant, Defendants John Doe No. 2 was employed by the CPD in a supervisory capacity from in or about November 2020 through April 15, 2021.  This Defendant had supervisory authority over Plaintiff and have liability under R.C. 4112.02(J) for his conduct to aid, abet, incite, compel or coerce discriminatory acts as alleged herein and/or under R.C. 4112.02(I) for his conduct regarding retaliation against Plaintiff as alleged herein.  At all times relevant to the claims in this Complaint, this Defendant acted under color of law in his office. This Defendant further has liability for Plaintiff's civil claim for criminal acts against them R.C. 2307.60 as alleged herein. This Defendant is also liable to Plaintiff for his claims asserted under 42 U.S.C. §§ 1981 and 1983.  Plaintiff sues Defendant John Doe No. 2 in his individual/personal capacity.  Defendant John Dos No. 2 is an individual whose names is currently unknown to Plaintiff, and Plaintiff sues this Defendant by the fictitious name John Doe No. 2 pursuant to Civ. R. 3(A) and 15(D).  Plaintiff will amend his Complaint to the Defendant's true name and capacity when and if it has been ascertained.

18.  At all times relevant, Defendant Johnny Hamm was employed by the CPD as a Captain.  In his role as a CPD Captain, this Defendant had supervisory authority over Plaintiff, and he has liability under R.C. 4112.02(J) for his conduct to aid, abet, incite, compel or coerce discriminatory acts as alleged herein and/or under R.C. 4112.02(I) for his conduct regarding retaliation against Plaintiff as alleged herein.  At all times relevant to the claims in this Complaint, this Defendant acted under color of law in his office, and in his role this Defendant

8

had the authority to act and make decisions that made and/or otherwise implemented employment policies of the CPD. This Defendant further has liability for Plaintiff's civil claim for criminal acts against him under R.C. 2307.60 as alleged herein. This Defendant is also liable to Plaintiff for his claims asserted under 42 U.S.C. §§ 1981 and 1983. Plaintiff sues Defendant Captain Johnny Hamm in his official and individual/personal capacities.

19. At all times relevant, Defendant Thomas Stacho was employed by the CPD as a Commander. In his role as a CPD Commander, this Defendant had supervisory authority over Plaintiff, and he has liability under R.C. 4112.02(J) for his conduct to aid, abet, incite, compel or coerce discriminatory acts as alleged herein and/or under R.C. 4112.02(I) for his conduct regarding retaliation against Plaintiff as alleged herein. At all times relevant to the claims in this Complaint, this Defendant acted under color of law in his office, and in his role this Defendant had the authority to act and make decisions that made and/or otherwise implemented employment policies of the CPD. This Defendant further has liability for Plaintiff's civil claim for criminal acts against him under R.C. 2307.60 as alleged herein. This Defendant is also liable to Plaintiff for his claims asserted under 42 U.S.C. §§ 1981 and 1983. Plaintiff sues Defendant Commander Thomas Stacho in his official and individual/personal capacities.

20. At all times relevant, Defendant Kerrie Howard was employed by Cleveland as its Director of Public Safety, and in this role this Defendant had supervisory authority over Plaintiff and was directly involved in employment action against him. This Defendant he has liability under R.C. 4112.02(J) for her conduct to aid, abet, incite, compel, or coerce discriminatory acts as alleged herein and/or under R.C. 4112.02(I) for her conduct regarding retaliation against Plaintiff as alleged herein. At all times relevant to the claims in this Complaint, this Defendant

9

acted under color of law in her office, and in her role this Defendant had the authority to act and make decisions that made and/or otherwise implemented employment policies of the CPD. This Defendant further has liability for Plaintiff's civil claim for criminal acts against him under R.C. 2307.60 as alleged herein. This Defendant is also liable to Plaintiff for his claims asserted under 42 U.S.C. §§ 1981 and 1983. Plaintiff sues Defendant Director of Public Safety Howard in her official and individual/personal capacities.

21.  At all times relevant, Defendant Ian Mussell was employed by the CPD as a Sergeant in its Internal Affairs Department. In his role as a CPD Sergeant, this Defendant had supervisory authority over Plaintiff, and he has liability under R.C. 4112.02(J) for his conduct to aid, abet, incite, compel or coerce discriminatory acts as alleged herein and/or under R.C. 4112.02(I) for his conduct regarding retaliation against Plaintiff as alleged herein. At all times relevant to the claims in this Complaint, this Defendant acted under color of law in his office. This Defendant further has liability for Plaintiff's civil claim for criminal acts against him under R.C. 2307.60 as alleged herein. This Defendant is also liable to Plaintiff for his claims asserted under 42 U.S.C. §§ 1981 and 1983. Plaintiff sues Defendant Sgt Ian Mussell in his individual/personal capacity.

22.  At all times relevant, Defendant John Doe No. 3 was employed by the CPD in a supervisory capacity in CPD's Internal Affairs Department along with Defendant Sgt Mussell. This Defendant had supervisory authority over Plaintiff, and he has liability under R.C. 4112.02(J) for his conduct to aid, abet, incite, compel or coerce discriminatory acts as alleged herein and/or under R.C. 4112.02(I) for his conduct regarding retaliation against Plaintiff as alleged herein. At all times relevant to the claims in this Complaint, this Defendant acted under color of law in his office. This Defendant further has liability for Plaintiff's civil claim for

10

criminal acts against him under R.C. 2307.60 as alleged herein.  This Defendant is also liable to Plaintiff for his claims asserted under 42 U.S.C. §§ 1981 and 1983.  Plaintiff sues Defendant John Doe No. 3 in his individual/personal capacity.  Defendant John Does No 3 is an individual whose name is currently unknown to Plaintiff, and Plaintiff sues this Defendant by the fictitious name John Doe No. 3 pursuant to Civ. R. 3(A) and 15(D).  Plaintiff will amend his Complaint to the Defendant's true name and capacity when and if it has been ascertained.

23.  At all times relevant, Defendant Wayne Drummond was employed by the CPD as its Chief or acting Chief.  In his role as Chief or acting Chief, this Defendant had supervisory authority over Plaintiff, and he has liability under R.C. 4112.02(J) for his conduct to aid, abet, incite, compel or coerce discriminatory acts as alleged herein and/or under R.C. 4112.02(I) for his conduct regarding retaliation against Plaintiff as alleged herein.  At all times relevant to the claims in this Complaint, this Defendant acted under color of law in his office, and in his role this Defendant had the authority to act and make decisions that made and/or otherwise implemented employment policies of the CPD.  This Defendant further has liability for Plaintiff's civil claim for criminal acts against him under R.C. 2307.60 as alleged herein.  This Defendant is also liable to Plaintiff for his claims asserted under 42 U.S.C. §§ 1981 and 1983.  Plaintiff sues Defendant Chief Drummond in his official and individual/personal capacities.

## FACTUAL ALLEGATIONS

24.  Plaintiff incorporates by reference each of the preceding paragraphs, as if fully restated herein.

25.  Plaintiff Hassan Ali was hired by the CPD on or about January 2020, and he began to attend it's police academy as a cadet on or about January 27, 2020 at its classroom setting for

11

OPOTA classes in the Cuyahoga Community College Campus.

26.  In June 2020, Plaintiff's training as a cadet in the CPD police academy was transferred to the Cleveland Justice Center, and he was placed under the instruction and supervision of Defendants Kwan and John Doe No. 1.  Under such instruction and supervision from in or about June 2020 through on or about November 5, 2020 Defendant Kwan subjected Plaintiff to a hostile work environment and disparate treatment by comments and actions that were directed toward him based on his religion as a Muslim and/or national origin or ancestry of Middle Eastern descent.

27.  Said conduct by Defendant Kwan directed toward Plaintiff that included:

(A)  Statements by Defendant Kwan with no basis in fact or reality that he made toward Plaintiff and in the presence of other cadets including, at least, that:

(i)  Bomb and explosive terrorism is Plaintiff's specialty;

(ii)  Plaintiff had acted suspiciously, and Kwan hoped Plaintiff did not plant a bomb on a classroom bus;

(iii)  Plaintiff's appearance made him look like he had a temper and would be disruptive and cause a disturbance;

(iv)  People of Middle Eastern descent, like Plaintiff, sent "American money" overseas – presumably to terrorist organizations.

(B)  Disparate treatment of Plaintiff that was more harsh compared to similarly situated cadets who were not Muslim or of Middle Eastern descent;

(C)  Overall, disrespect and hatred directed toward Plaintiff.

28.  Said conduct and hostility by Defendant Kwan was directed toward Plaintiff based on his religion, national origin, or ancestry was done in an open and obvious way to the other cadets,

Electronically Filed 12/23/2022 15:50 / / CV 22 973017 / Confirmation Nbr. 2734003 / CLMRB

and said conduct by Defendant Kwan made Plaintiff's work environment hostile and intolerable.

29.  Plaintiff reported the aforementioned conduct of Defendant Kwan to Lt Shawn Smith who turned over the report to CPD's Internal Affairs Department for further investigation. Defendant Kwan ended his employment with CPD during the investigation by the Internal Affairs Department.

30.  Defendant City of Cleveland and it's CPD's Internal Affair's Department failed provide any feedback or remedial measures to Plaintiff for the discriminatory conduct and hostile work environment he endured from June 2020 through November 5, 2021 as a result of Defendant Kwan's aforementioned conduct.

31.  From on or about November 5, 2020 through April 15, 2021, Plaintiff was under the supervision of Defendants Lt Farmer, Sgt Lentz, Sgt Pesto, and John Doe No. 2.

32.  From on or about November 5, 2020 throughout Plaintiff's employment with CPD, he was subjected to a hostile and retaliatory work environment from his co-workers for his report of discrimination and hostility against Defendant Kwan.  Plaintiff's co-workers referred to him as a snitch, and told Plaintiff that he had a target on his back because of his aforementioned complaints and reports about Defendant Kwan and CPD's Internal Affairs Department.

33.  The hostility and retaliation from Plaintiff's co-workers was repeated, open and obvious in the workplace, and Plaintiff's "hall file" was that was a "snitch" and that he could not be trusted by his co-workers.  Defendants Farmer, Lentz, Pesto, and John Doe No. 2 knew or should have known of such hostility and retaliation directed to Plaintiff in the workplace, but they did nothing to end such conduct or offer any remedial measures to Plaintiff.

34.  When Plaintiff was hired by the CPD he requested permission to grow a beard to

13

practice his religious belief, which was denied.  Plaintiff continued his employment with CPD

from January 2020 through September 2021 without a beard because he was fearful did not want

to lose his job by enforcing his rights to practice his religion.

35.  In or about September 2021 based on his religious beliefs and to practice his religion

Plaintiff asked his supervises Defendants Sgt Lentz and Lt Farmer if he could grow a beard.

Defendant Farmer instructed Plaintiff that the ability to grow a beard violated CPD policy and

that he would have to request an exception under the CPD policy in writing.

36.  On or about September 25, 2021, Plaintiff submitted a written request to CPD for an

exemption for him to grow a beard to practice his religious beliefs.  Plaintiff's request was

denied by CPD one day later on or about September 26, 2021.

37.  After on or about September 26, 2021, Plaintiff sought through his supervisors

Defendants Commander Stacho, Captain Hamm, Lt Farmer, Sgt Pesta, and Sgt Lentz and in

writing to CPD a change in its anti-beard policy based on his religious beliefs.  These Defendant

supervisors were aware of Plaintiff's efforts to change the CPD anti-beard policy for this reason.

38.  From September 26, 2021 through April 2022, Plaintiff's request to change the CPD

anti-beard policy was never addressed by Defendants City of Cleveland, Stacho, Hamm, Farmer,

Pesta, and/or Lentz.

39.  In or about April 2022, Plaintiff decided to practice his religious beliefs, and he

proceeded to grow a beard.

40.  On about April 9, 2022 Defendant Commander Stacho ordered Plaintiff to shave

his beard.  Plaintiff protested and complained to Defendants Commander Stacho, Captain Hamm,

Lt Farmer, Sgt Pesta, and Sgt Lentz that the requirement for him to shave his beard violated his

Electronically Filed 12/23/2022 15:50 / / CV 22 973017 / Confirmation Nbr. 2734003 / CLMRB

rights to observe and practice his religion.

41.  In April 2022 Plaintiff sought further assistance of Defendant City of Cleveland through Sgt Melissa Dawson in CPD's Employee Assistance Unit who forwarded the request for assistance to Defendant Chief or acting Chief Drummond for permission to keep his beard based on his religious beliefs, but his request for assistance was denied.  Plaintiff then shaved his beard because he did not want to lose his job.

42.  In April 2022, Plaintiff informed Defendant Pesta that he was going to seek legal assistance because the CPD was interfering with his religious beliefs.

43.  On or about April 12, 2022, Plaintiff contacted the EEOC with a charge of discrimination based on his religion and retaliation against him in the CPD work environment.

44.  On or about April 17, 2022, Plaintiff was ordered to report to CPD's Internal Affairs Department for an Investigation.

45.  An investigation against Plaintiff by CPD's Internal Affairs Department commenced on or about April 21, 2022, and it examined pretextual and false issues in an effort to claim that Plaintiff violated CPD policies.  The investigation against Plaintiff was conducted by Defendants City of Cleveland, Mussell, John Doe No. 3, and Safety Director Kerrie Howard.

46.  On or about July 21, 2022, Plaintiff received a pre-charge letter from the CPD Integral Affairs Department.

47.  Plaintiff resigned from his employment the CPD on July 21, 2022, based on the discrimination and hostility against him in the CPD work environment based on his religious beliefs, the interference with his religious beliefs, discrimination and hostility based on Plaintiff's national origin and ancestry, and retaliation and hostility against Plaintiff for his attempts to

15

enforce his rights to practice his religion and for his report of discrimination against him by

Defendant Kwan – including the pretextual and retaliatory April 2022 investigation against him

by CPD's Internal Affairs Department.

48.  Plaintiff's July 21, 2022 resignation constitutes a constructive discharge because the

hostility for him in the CPD work environment based on discrimination and retaliation was so

intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

The conduct of Defendants against Plaintiff was so egregious that Plaintiff was involuntarily

forced to sever the employment relationship with the CPD.

### COUNT ONE

***Discrimination Through Disparate Treatment and a Hostile Work Environment Based on Religion, National Origin, and/or Ancestry Against City of Cleveland in Violation of R.C. Chapter 4112 & Against Defendant George Kwan and John Doe No. 1 for Liability Under R.C. 4112.02(J) for Conduct that Occurred from June 2020 through November 5, 2020***

49.  Plaintiff incorporates by reference each of the preceding paragraphs, as if fully

restated herein.

50.  Plaintiff is Middle Eastern and Muslim, and thus he is member of a protected class in

terms of his Employment with the City of Cleveland.

51.  The City of Cleveland owed a duty to Plaintiff to provide a work environment that

was safe and free from discrimination and hostility based on his religion, national origin, and/or

ancestry.  The conduct as described herein created an environment for Plaintiff that was

discriminatory, hostile, and difficult due to his religion as a Muslim and/or his national origin or

ancestry as Middle Eastern.  The conduct as described herein affected a term, condition, or

privilege of Plaintiff's employment at the CPD by the creation of an abusive work environment

16

that affected his ability to do his job, and which would cause any reasonable employee to leave their employment under such conditions.

52.  The City of Cleveland knew or, with the exercise of reasonable diligence, should have known of the existence of discrimination and hostility in the workplace for Plaintiff based on his religion, national origin, and/or ancestry.  The City of Cleveland specifically knew of this based on Plaintiff's complaints about this conduct at least to his supervisor(s) and the Internal Affairs Department of the CPD.

53.  Despite the fact that it knew or should have known of this discrimination and hostility toward Plaintiff, the City of Cleveland failed to take appropriate, prompt, and remedial measures in light of his complaints.  And any claimed actions taken by City of Cleveland was inadequate, ineffective, and amounted to the failure to act.

54.  The City of Cleveland breached the foregoing duty when it failed to take prompt or adequate remedial action in response to Plaintiff's discriminatory and/or hostile work environment.

55.  The action and/or inaction as alleged herein constitutes discrimination against Plaintiff based on his religion, national origin, and/or ancestry in violation of R.C. 4112.02(A) with respect to the tenure, terms, conditions, privileges of his employment.

56.  In terms of discrimination under R.C. 4112.02(J), Defendants Kwan and John Doe No. 1 are liable to Plaintiff for their conduct to aid, abet, incite, compel or coerce discriminatory and disparate treatment, harassment, and hostility against Plaintiff.

57.  As a direct and proximate result of Defendants' unlawful discriminatory misconduct, as described above, Plaintiff suffered physical and/or emotional distress, pain, upset, humiliation,

17

and economic loss, including lost salary, wages, and benefits, including additional retirement benefits; and she has been otherwise injured in an amount greater that $25,000 – the full extent of which will be more fully revealed at the trial of this matter.  Some or all of Plaintiff's damages will continue to accrue indefinitely into the future.

## COUNT TWO

***Retaliation and Hostile Environment based on Retaliation Against the City of Cleveland in Violation of R.C. Chapter 4112 & Against Lt Farmer, Sgt Lentz, Sgt Pesto and John Doe No. 2 for liability under R.C. 4112.02(I) and/or (J) for Conduct that Occurred Through April 15, 2021***

58.  Plaintiff incorporates by reference each of the preceding paragraphs, as if fully restated herein.

59.  Plaintiff engaged in protected activity when he complained to supervisors and the CPD Internal Affairs Department about disparate treatment, discrimination, harassment, and hostility that he endured in the workplace based on his religion, national origin, and/or ancestry as a result of the aforementioned conduct of Defendant Kwan.

60.  The retaliatory conduct and hostility against Plaintiff by his co-workers was open and obvious that any reasonable supervisor of Plaintiff in the CPD would known or should have known of such retaliation and hostility.  Defendants Farmer, Lentz, Pesto, and John Doe No.2 knew or should have know of such conduct because the retaliation against Plaintiff was so open and obvious that they would have had to been oblivious not to know.  Defendant Pesto even commented to Plaintiff about the retaliatory and hostile conduct directed toward him by his co-workers, and told Plaintiff that he should just have to try to put up with it.

18

Plaintiff complained about this retaliatory conduct and hostility by his co-workers in the workplace due to his protected activity to Defendants Mussell, Lockhart and John Doe No. 1.

61.  The City of Cleveland further created a hostile and retaliatory work environment against Plaintiff by permitting such hostile retaliatory work environment to continue at the CPD, which would cause any reasonable employee to leave their employment under such conditions.

62.  The conduct of the City of Cleveland as alleged herein through April 15, 2021 constitutes retaliation and hostile environment retaliation in violation of R.C. 4112.02(I).

63.  Defendants Farmer, Pesto, Lentz, and John Doe No. 2 are also liable for their conduct as alleged herein for retaliation and hostile environment retaliation under R.C. 4112.02(I), and under R.C. 4112.02(J) for their conduct to aid, abet, incite, compel or coerce retaliatory treatment, harassment, and hostility against Plaintiff.

64.  As a direct and proximate result of Defendants' unlawful retaliatory misconduct, as described above, Plaintiff suffered physical and/or emotional distress, pain, upset, humiliation, and economic loss, including lost salary, wages, and benefits in amount greater than $25,000, and he has been otherwise injured – the full extent of which will be more fully revealed at the trial of this matter.

65.  As a direct and proximate result of the conduct as described herein, Plaintiff was constructively discharged because such conduct affected a term, condition, or privilege of Plaintiff's employment at the CPD by the creation of an abusive work environment that affected his ability to do his job, and which would cause any reasonable employee to leave their employment under such conditions.

Electronically Filed 12/23/2022 15:50 / / CV 22 973017 / Confirmation Nbr. 2734003 / CLMRB

## COUNT THREE

*Discrimination Through Disparate Treatment, Interference With Religion and a Creation of a Hostile Work Environment Based on Religion Against City of Cleveland in Violation of Title VII and R.C. Chapter 4112 & Against Defendants Chief/Acting Chief Drummond, Commander Stacho, Captain Hamm, Lt Farmer, Sgt Pesta, Sgt Lentz and John Doe No. 2 for Liability Under R.C. 4112.02(J) for Conduct that Commenced on September 2, 2022 Onward*

66.  Plaintiff incorporates by reference each of the preceding paragraphs, as if fully restated herein.

67.  In September 2021 and as continuous course of conduct through July 21, 2022 and Plaintiff's constructive discharge, the City of Cleveland's policy and/or its refusal to permit Plaintiff grow a beard in September 2021 and thereafter, or to permit an exemption to its policy for Plaintiff to grow a beard in the practice of his religion as a Muslim interfered with his ability to practice his religion and constituted discrimination against Plaintiff based on his religious beliefs.

68.  The City of Cleveland owed a duty to Plaintiff to provide a work environment that was safe and free from discrimination and hostility based on his religion.

69.  Based on its conduct, its policy, and by Plaintiff's written complaints against its policy and to seek an exemption from the policy, the City of Cleveland knew or, with the exercise of reasonable diligence, should have known of the existence of discrimination and hostility in the workplace for Plaintiff that violated and interfered with Plaintiff's right to exercise his religion.

70.  Despite the fact that it knew or should have known of this discrimination and hostility toward Plaintiff, the City of Cleveland failed to take appropriate, prompt, and remedial measures in light of his complaints.  And any claimed actions taken by City of Cleveland was

20

inadequate, ineffective, and amounted to the failure to act.

71. The City of Cleveland by its conduct and policy breached the foregoing duty when it failed to take action to address the manner in which it and its policy violated and interfered with Plaintiff's right to practice his religion.

72. The action and/or inaction as alleged herein constitutes discrimination against Plaintiff based on his religion, in violation of Title VII and R.C. 4112.02(A) with respect to the tenure, terms, conditions, privileges of his employment.

73. In terms of discrimination under R.C. 4112.02(J), Defendants Drummond, Stacho, Captain Hamm, Lt Farmer, Sgt Pesta, Sgt Lentz, and John Doe No. 2 are also liable for their conduct to aid, abet, incite, compel or coerce the discrimination treatment, harassment, and hostility against Plaintiff

74. The actions of Defendants with respect to this discrimination based on Plaintiff's religious beliefs and the right to practice his religion existed as a continuous course of conduct through July 21, 2022 – the date of Plaintiff's constructive discharge.

75. As a direct and proximate result of Defendants' unlawful discriminatory misconduct, as described above, Plaintiff suffered physical and/or emotional distress, pain, upset, humiliation, and economic loss, including lost salary, wages, and benefits in an amount greater than $25,000, and he has been otherwise injured – the extent of which will be more fully revealed at the trial of this matter.

76. As a direct and proximate result of the conduct as described herein, Plaintiff was constructively discharged because such conduct as described herein affected a term, condition, or privilege of Plaintiff's employment at the CPD by the creation of a discriminatory and abusive

21

work environment that affected his ability to do his job, and which would cause any reasonable

employee to leave their employment under such conditions.

## COUNT FOUR

***Retaliation and Hostile Environment based on Retaliation Against the City of Cleveland in Violation of Title VII R.C. Chapter 4112 & Against Defendants Chief/Acting Chief Drummond, Commander Stacho, Captain Hamm, Lt Farmer, Sgt Pesta, Sgt Lentz, Sgt Mussell, John Doe No. 3, and Safety Director Howard for liability under R.C. 4112.02(I) and/or (J) for Conduct From September 2, through July 21, 2022***

77.  Plaintiff incorporates by reference each of the preceding paragraphs, as if fully

restated herein.

78.  Plaintiff engaged in protected activity when he complained in September 2021 that

the City of Cleveland's anti-beard policy and the refusal to permit him to grow a beard while

employed by the CPD violated his religious beliefs and interfered with his ability to practice his

religion.  Plaintiff further engaged in protected activity when he continued to complaint about the

violation of his religious rights for this reason to his supervisors in the CPD through July 21,

2022.

79.  The hostile retaliation in Plaintiff's employment was continuous from September 2,

2021 in the CPD and it increased against him in April 2022 when he chose to grow a beard in

observance of his religious beliefs and when he threatened to take legal action, when the CPD

through its Internal Affairs Department began a pretextual investigation against Plaintiff.

80.  Defendants further created a hostile and retaliatory work environment against

Plaintiff by permitting such hostile retaliatory work environment to continue at the CPD, which

would cause any reasonable employee to leave their employment under such conditions.

81.  The conduct of the City of Cleveland as alleged herein through July 21, 2022,

Electronically Filed 12/23/2022 15:50 / / CV 22 973017 / Confirmation Nbr. 2734003 / CLMRB

constitutes retaliation and hostile environment retaliation in violation of Title VII and R.C. 4112.02(I).

82.  Defendants Chief/Acting Chief Drummond, Commander Stacho, Captain Hamm, Lt Farmer, Sgt Pesta, Sgt Lentz, Sgt Mussell, John Doe No. , and Safety Director Howard are also liable for their conduct as alleged herein for retaliation and hostile environment retaliation under R.C. 4112.02(I), and under R.C. 4112.02(J) for their conduct to aid, abet, incite, compel or coerce retaliatory treatment, harassment, and hostility against Plaintiff.

83.  As a direct and proximate result of Defendant's unlawful retaliatory misconduct, as described above, Plaintiff suffered physical and/or emotional distress, pain, upset, humiliation, and economic loss, including lost salary, wages, and benefits in an amount greater than $25,000, and he has been otherwise injured – the full extent of which will be more fully revealed at the trial of this matter.

84.  As a direct and proximate result of the conduct as described herein, Plaintiff was constructively discharged because such conduct affected a term, condition, or privilege of Plaintiff's employment at the CPD by the creation of an abusive work environment that affected his ability to do his job, and which would cause any reasonable employee to leave their employment under such conditions.

## COUNT FIVE

***Civil Liability for a Criminal Act (Interfering with Civil, Constitutional and Statutory Rights) Under R.C. 2307.60 and R.C. 2921.45 Against Defendants Kwan, John Doe No. 1, Chief/Acting Chief Drummond, Commander Stacho, Captain Hamm, Lt Farmer, Sgt Pesta, Sgt Lentz, John Doe No. 2, Sgt Mussell, John Doe No. 3, and Safety Director Howard***

85.  Plaintiff incorporates by reference each of the preceding paragraphs, as if fully

restated herein.

86.   Under R.C. 2921.45, no public servant, under color of law of their office, employment, or authority, shall knowingly deprive any person of a Constitutional or statutory right.  R.C. 2921.45 carries with it a criminal penalty.

87.   Under R.C. 2307.60, anyone injured in person or property by a criminal act may recover full damages in a civil action.

88.   Defendants Kwan, John Doe No. 1, Chief/Acting Chief Drummond, Commander Stacho, Captain Hamm, Lt Farmer, Sgt Pesta, Sgt Lentz, John Doe No.2, Sgt Mussell, John Doe No. 3, and Safety Director Howard are public servants.  Under color of their office, employment, or authority each knowingly deprived Plaintiff of his Constitutional and statutory rights as described herein including his right to his right to be free from discrimination in his employment based on his religion, national origin or ancestry, and to be free from retaliation in his employment for opposing such discrimination in his employment.

89.   As a direct and proximate cause of this unlawful conduct, Plaintiff has been constructively discharged from his employment at CPD because he has had a term, condition, or privilege of his employment at the CPD effected by the creation of an abusive work environment that affected his ability to do his job, and which would cause any reasonable employee to leave their employment under such conditions.

90.   As a direct and proximate cause of this unlawful conduct, Plaintiff has and will continue to suffer economic and non-economic damages in an amount greater than $25,000 for which these Defendants are liable including, but not limited to, pain and suffering, the loss of salary, wages, and benefits and other terms, privileges, and condition of his employment.

24

91.   The acts of Defendants were willful, egregious, malicious, and worthy of substantial sanction to punish and deter them and others from engaging in this type of unlawful conduct.

## COUNT SIX

### *Discrimination in Violation of 42 USC §§ 1981 and 1983 Against All Defendants*

92.   Plaintiff incorporates by reference each of the preceding paragraphs, as if fully restated herein.

93.   Section 1981 and the Equal Protection Clause are actionable under 42 U.S. Code Section 1983 against Defendants and impose liability upon them when acting under color of state law.

94.   Leading up to July 21, 2022 Plaintiff had to endure was subjected to discrimination based on his religion, national origin, and/or ancestry.  For this reason on or about July 21, 2022 Plaintiff was constructively discharged from his employment with CPD due to Defendants' pursuit of discriminatory employment policies in violation of 42 U.S.C. § 1981 which prohibits discrimination with respect to employment contracts, and in violation of the Equal Protection Clause of the 14th Amendment to the United States Constitution.

95.   The conduct as alleged herein by Defendants was outrageous, shocks the conscience, and violated Plaintiff's clearly established Constitutional rights.

96.   The above alleged actions and omissions, engaged in under color of law and authority by Defendants proximately caused the deprivation of Plaintiff's rights secured to him by the Constitution of the United States including, but not limited to, his Fourteenth Amendment Right to equal protection of the laws.

97.   The conduct of the individually named Defendants as alleged herein was conduct

which reasonable individuals would have known to be in violation of Plaintiff's clearly established Constitutional rights.

98. As a result of the above alleged conduct, Plaintiff sustained deprivations to his civil rights, has sustained the loss of income, benefits, and reputation in the community along with mental distress with physical manifestations, humiliation, embarrassment, and defamation of his character for which Plaintiff is entitled to monetary relief.

99. Plaintiff has been compelled to employ the undersigned attorney to represent him in this matter and is entitled to recover reasonable attorneys fees.

WHEREFORE, on Count One, Plaintiff prays for Judgment against Defendant City of Cleveland, and against Defendants Kwan an John Doe No. 1, jointly and severally, in an amount that will fully, fairly, and completely compensate him, including the award of compensatory damages, reinstatement, back pay, front pay, statutory liquidated damages and interest, and for the costs in this action herein together with prejudgment interest, reasonable attorney's fees, and a fair and adequate sum for punitive damages for any other relief which he may be entitled under the law.

Further on Count Two Plaintiff prays for Judgment against Defendant City of Cleveland and against Defendants Lt Farmer, Sgt Lentz, Sgt Pesto, and John Doe No. 2, jointly and severally, in an amount that will fully, fairly, and completely compensate him, including the award of compensatory damages, reinstatement, back pay, front pay, statutory liquidated damages and interest, and for the costs in this action herein together with prejudgment interest, reasonable attorney's fees, and a fair and adequate sum for punitive damages for any other relief which he may be entitled under the law.

Electronically Filed 12/23/2022 15:50 / / CV 22 973017 / Confirmation Nbr. 2734003 / CLMRB

Further on Count Three, Plaintiff prays for Judgment against Defendant City of Cleveland and against Defendants Chief/Acting Chief Drummond, Commander Stacho, Captain Hamm, Lt Farmer, Sgt Pesta, Sgt Lentz, and John Doe No. 2, jointly and severally, in an amount that will fully, fairly, and completely compensate him, including the award of compensatory damages, reinstatement, back pay, front pay, statutory liquidated damages and interest, and for the costs in this action herein together with prejudgment interest, reasonable attorney's fees, and a fair and adequate sum for punitive damages for any other relief which he may be entitled under the law.

Further on Count Four, Plaintiff prays for Judgment against Defendant City of Cleveland and against Defendants Chief/Acting Chief Drummond, Commander Stacho, Captain Hamm, Lt Farmer, Sgt Pesta, Sgt Lentz, John Doe No. 2, Sgt Mussell, John Doe No. 3, and Safety Director Howard, jointly and severally, in an amount that will fully, fairly, and completely compensate him, including the award of compensatory damages, reinstatement, back pay, front pay, statutory liquidated damages and interest, and for the costs in this action herein together with prejudgment interest, reasonable attorney's fees, and a fair and adequate sum for punitive damages for any other relief which he may be entitled under the law.

Further on Count Five, Plaintiff prays for Judgment against Defendants Kwan, John Doe No. 1, Chief/Acting Chief Drummond, Commander Stacho, Captain Hamm, Lt Farmer, Sgt Pesta, Sgt Lentz, Sgt Mussell, John Doe No. 3, and Safety Director Howard, jointly and severally, in an amount that will fully, fairly, and completely compensate him, including the award of compensatory damages, reinstatement, back pay, front pay, statutory liquidated damages and interest, and for the costs in this action herein together with prejudgment interest, reasonable attorney's fees, and a fair and adequate sum for punitive damages for any other relief

27

which he may be entitled under the law.

Further, on Count Six, Plaintiff prays against all Defendants, jointly and severally in an amount that will fully, fairly, and completely compensate him, including the award of compensatory damages, reinstatement, back pay, front pay, statutory liquidated damages and interest, and for the costs in this action herein together with prejudgment interest, reasonable attorney's fees, and a fair and adequate sum for punitive damages for any other relief which he may be entitled under the law.

Respectfully submitted,

s/ David Glenn Phillips
DAVID GLENN PHILLIPS (0046827)
The Brown Hoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103
(216) 531-0123
fax: (216) 881-3928
Email: d.g.phillips@davidglennphillips.com
       civilrightslaw@davidglennphillips.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this case by the applicable amount of jurors allowed by law.

/s/ David Glenn Phillips
DAVID GLENN PHILLIPS

28